UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTEN NICOLE BRUCE,
an individual,                                            Case No.:

       Plaintiff,
v.

OCWEN LOAN SERVICING, LLC,
a foreign limited liability company,

       Defendant.
_____/

## VERIFIED COMPLAINT

**COMES NOW,** Plaintiff, KRISTEN NICOLE BRUCE (hereinafter, "Plaintiff"), by and through the undersigned counsel, and sues Defendant, OCWEN LOAN SERVICING, LLC (hereinafter, "Defendant"), and alleges:

## PRELIMINARY STATEMENT

This is an action for damages brought by an individual consumer for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et. seq. (hereinafter, the "FDCPA"), and the Telephone Communication Protection Act, 47 U.S.C. § 227 (hereinafter, the "TCPA").

## JURISDICTION AND VENUE

1. This is an action for damages that exceeds $75,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction for purposes of this action is proper as a Federal Question conferred by 28 U.S.C. § 1331. Furthermore, because of the diversity of citizenship

between the parties and the amount in controversy, jurisdiction is conferred by 28 U.S.C. § 1331 as well. Supplemental jurisdiction over the FCCPA claims is conferred by 28 U.S.C. § 1367. Venue for purposes of this action is conferred by 28 U.S.C. § 1391.

3. At all material times herein, the conduct of Defendant, complained of below, occurred in Pinellas County, Florida.

4. At all times herein, Plaintiff is an individual residing in Pinellas County, Florida.

5. Defendant is a limited liability company existing under the laws of the State of Delaware that, itself and through its subsidiaries, regularly collects debts owed by consumers in Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all times herein, Defendant is a "debt collector" as defined by the FCCPA, Florida Statute § 559.55.

7. At all times herein, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. At all times herein, Defendant attempts to collect a debt, specifically a mortgage loan, referenced by account number 0080255292, owed to HSBC Bank USA, N.A. (as assignee of Chapel Funding, LLC) (hereinafter, "the Debt").

9. At all times herein, the Debt was a consumer debt, incurred primarily for personal, household or family use.

10. At all times herein, Defendant was a "person" pursuant to Florida Statute § 559.72. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. Dist. Ct. App. 4th Dist. 2002).

11. At all times herein, Defendants conduct with regard to the Debt complained of below qualifies as "communication" as defined by the FCCPA, Florida Statute § 559.55 and by the FDCPA, 15 U.S.C. § 1692a(2).

12. At all times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13. All conditions precedent to the filing of the action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

14. On or about August 11, 2006, Plaintiff executed and delivered a Note and Mortgage securing the payment of the Debt, *supra*, from Chapel Funding, LLC.

15. On or about January 31, 2007, Chapel Funding, LLC assigned the Debt to HSBC Bank USA, N.A.

16. On or about February 1, 2010, Plaintiff defaulted on the Debt.

17. After default, HSBC Bank USA, N.A. turned the Debt over to Defendant for servicing and collecting. On or about February 1, 2010, Defendant began collecting the defaulted Debt as the servicing agent for HSBC Bank USA, N.A.

18. At all times herein, Plaintiff's cellular telephone number is 323.388.7883.

19. At all times herein, Plaintiff never gave Defendant prior express consent to make any calls to Plaintiff's cellular telephone using any automatic telephone dialing system or an artificial or prerecorded voice (hereinafter collectively, "auto-dialing system").

20. Defendant repeatedly called Plaintiff's cellular telephone without

Plaintiff's prior express consent, using an auto-dialing system in an attempt to collect the Debt.

21. Defendant's telephone calls, as more specifically alleged below, were repeatedly made to Plaintiff's cellular telephone number 323-388-7883, without Plaintiff's prior express consent, in willful and knowing violation of the TCPA.

22. Defendant's auto-dialed calls to Plaintiff's cellular telephone, without Plaintiff's prior express consent, occurred approximately once per day, beginning March 1, 2010 and continuing through July 12, 2012.

23. Defendant's auto-dialed calls to Plaintiff's cellular telephone, made without Plaintiff's prior express consent, came from telephone numbers 800.310.9229 and 800.746.2936 as well as an "UNKNOWN" (i.e. blocked and/or screened) telephone number.

24. On at least the following dates, without Plaintiff's prior express consent, Defendant's auto-dialed calls to Plaintiff's cellular telephone occurred multiple times per day:

（a）On or about February 6, 2012 – two (2) auto-dialed calls;
（b）On or about February 23, 2012 – two (2) auto-dialed calls;
（c）On or about April 1, 2012 – four (4) auto-dialed calls;
（d）On or about April 8, 2012 – two (2) auto-dialed calls;
（e）On or about April 17, 2012 – two (2) auto-dialed calls;
（f）On or about April 19, 2012 – two (2) auto-dialed calls;
（g）On or about May 6, 2012 – two (2) auto-dialed calls;
（h）On or about May 23, 2012 – two (2) auto-dialed calls;
（i）On or about June 1, 2012 – two (2) auto-dialed calls;
（j）On or about June 12, 2012 – two (2) auto-dialed calls;
（k）On or about June 13, 2012 – two (2) auto-dialed calls;
（l）On or about June 15, 2012 – two (2) auto-dialed calls;
（m）On or about June 17, 2012 – two (2) auto-dialed calls;

25. On at least the following dates, Plaintiff answered Defendant's auto-dialed

calls to her cellular telephone:

(a)  On or about February 5, 2012;
(b)  On or about February 6, 2012;
(c)  On or about February 8, 2012;
(d)  On or about February 11, 2012;
(e)  On or about February 14, 2012;
(f)  On or about February 15, 2012;
(g)  On or about March 22, 2012;
(h)  On or about March 23, 2012;
(i)  On or about March 31, 2012;
(j)  On or about April 1, 2012;
(k)  On or about April 2, 1012;
(l)  On or about April 4, 2012;
(m)  On or about April 5, 2012;
(n)  On or about April 11, 2012;
(o)  On or about April 12, 2012;
(p)  On or about April 18, 2012;
(q)  On or about April 19, 2012;
(r)  On or about April 20, 2012;
(s)  On or about April 21, 2012;
(t)  On or about April 29, 2012;
(u)  On or about May 6, 2012;
(v)  On or about May 13, 2012;
(w)  On or about May 14, 2012;
(x)  On or about May 23, 2012;
(y)  On or about May 28, 2012;
(z)  On or about May 29, 2012;
(aa)  On or about May 30, 2012;
(bb)  On or about May 31, 2012;
(cc)  On or about June 1, 2012;
(dd)  On or about June 2, 2012;
(ee)  On or about June 3, 2012;
(ff)  On or about June 4, 2012;
(gg)  On or about June 5, 2012;
(hh)  On or about June 6, 2012;
(ii)  On or about June 7, 2012;
(jj)  On or about June 9, 2012;
(kk)  On or about June 12, 2012;
(ll)  On or about June 13, 2012;
(mm)  On or about June 15, 2012;
(nn)  On or about June 17, 2012;
(oo)  On or about June 19, 2012;
(pp)  On or about June 20, 2012
(qq)  On or about June 21, 2012;
(rr)  On or about June 22, 2012;

 (ss) On or about June 24, 2012;
 (tt) On or about June 28, 2012;
 (uu) On or about July 5, 2012;
 (vv) On or about July 6, 2012;
 (ww) On or about July 7, 2012;
 (xx) On or about July 8, 2012;
 (yy) On or about July 10, 2012;
 (zz) On or about July 11, 2012; and
 (aaa) On or about July 12, 2012.

26. During the immediately aforementioned auto-dialed calls referenced in Paragraph 25, Plaintiff advised Defendant that the number Defendant was calling was her cellular telephone. Plaintiff further advised Defendant that she was represented by Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") with regard to the Debt, provided Undersigned Counsel's contact information, and advised Defendant that all further communications with regard to the Debt must be directed to Undersigned Counsel[1]. Plaintiff provided Defendant with Undersigned Counsel's name and contact information.

27. Insofar as Defendant may contend that Plaintiff gave Defendant prior express consent to auto-dial her cellular telephone, Plaintiff expressly and repeatedly revoked such consent, beginning on the February 5, 2012 call, as referenced in Paragraph 25, and more specifically described in Paragraph 26, above.

28. On at least the following dates, Defendant auto-dialed Plaintiff's cellular telephone, without Plaintiff's prior express consent, and left a voicemail message:

 (a) On or about February 23, 2012;
 (b) On or about April 1, 2012;
 (c) On or about April 6, 1012;
 (d) On or about April 7, 2012;
 (e) On or about April 8, 2012;
 (f) On or about April 17, 2012;

---

[1] 15 U.S.C. § 1692c(b) and Fla. Stat. Section 559.72 both require Defendant to cease calling Plaintiff – using an automatic telephone dialing system or otherwise – in its attempts to collect the Debt.

(g) On or about April 23, 2012;
(h) On or about May 4, 2012;
(i) On or about May 6, 2012;
(j) On or about May 8, 2012;
(k) On or about May 11, 2012;
(l) On or about June 1, 2012;
(m) On or about June 8, 2012;
(n) On or about June 13, 2012; and
(o) On or about June 28, 2012.

29. During the immediately aforementioned voicemail messages referenced in Paragraph 28, Defendant left a message with an artificial or pre-recorded voice.

30. During the aforementioned voicemail messages referenced in Paragraph 27, Defendant left the following message with an artificial or pre-recorded voice:

> "Please return this call to Ocwen regarding a change to the status of your account. Our toll-free number is 800.310.9229. Please be advised that we have extended our hours to better assist you. Again, this is Ocwen calling in regards to a change in the status of your account. Our toll-free number is 800.310.9229. Thank you."

31. Between March 1, 2010 and July 12, 2012, without Plaintiff's prior express consent, Defendant made at least 879 auto-dialed calls to Plaintiff's cellular telephone in an attempt to collect the Debt. Please see attached a calendar depiction of Defendant's known auto-dialed calls to Plaintiff's cellular telephone labeled Exhibits "A1-A29."

32. On or before May 12, 2010, Defendant, as servicing agent for the HSBC Bank USA, N.A., hired the Law Office of Elizabeth R. Wellborn, P.A. (hereinafter, "Defendant's Attorney") to initiate a lawsuit against Plaintiff to foreclose on the Debt. Please see attached a true and correct copy of a letter to Plaintiff from Defendant's Attorney labeled Exhibit "B."

33. On or about May 18, 2010, HSBC Bank USA, N.A. filed said foreclosure

lawsuit against Plaintiff (hereinafter, "Foreclosure Suit").

34. On or about September 22, 2010, as hereinafter described, Plaintiff retained Undersigned Counsel to represent her with regard to the Debt, including defending the foreclosure lawsuit.

35. On or about September 22, 2010, Undersigned Counsel filed a *Notice of Appearance* in the Foreclosure Suit. At or about the same time, the *Notice of Appearance* was served on Defendant's attorney, the Law Office of Elizabeth R. Wellborn, P.A. Please see attached a true and accurate copy of the *Notice of Appearance* as well as its accompanying *Certificate of Service* labeled Exhibits "C1-C2."

36. Having received the *Notice of Appearance* through its attorney, Defendant received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt.

37. Insofar as Defendant may contend that Plaintiff gave prior express consent to auto-dial her cellular telephone, such consent was revoked, as outlined in Paragraphs 35-36, pursuant to Florida Statute § 559.72(18) and 15 U.S.C. 1692c(a)(2).

38. Despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, as outlined above, Defendant continued to repeatedly auto-dial Plaintiff's cellular telephone, without her consent, in violation of the FCCPA and FDCPA in its attempts to collect the Debt.

39. On or about March 15, 2011, at approximately 9:20 a.m. ET, Undersigned Counsel faxed to Defendant's Attorney a letter which further gave notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt. Please see attached a true and correct copy of said fax and confirmation sheet labeled as Exhibits "D1-D2."

40. On or about July 18, 2011, despite having repeatedly received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, as outlined above, Defendant mailed Plaintiff a collection letter requesting payment on the Debt. Please see attached a true and correct copy of said collection letter labeled Exhibit "E."

41. On or about March 22, 2012, at approximately 8:25 a.m. ET, Undersigned Counsel faxed a *Notice of Representation* to Defendant which further gave notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt. Please see attached a true and correct copy of the March 22, 2012 *Notice of Representation* and facsimile confirmation sheet labeled as Exhibits "F1-F2."

42. On or about April 25, 2012, at approximately 11:22 a.m. ET, Undersigned Counsel again faxed a *Notice of Representation* to Defendant which further gave notice of Undersigned Counsel's representation of Plaintiff with regard to the Debt. Said *Notice of Representation* also advised Defendant that any further communication with the Plaintiff would be a statutory violation and that 47 U.S.C § 227 prohibits auto-dial calls to Plaintiff's cellular telephone. Please see attached a true and correct copy of the April 25, 2012 *Notice of Representation* and facsimile confirmation sheet labeled as Exhibits "G1-G2."

43. On or about July 8, 2012, Defendant auto-dialed Plaintiff's cellular telephone, without Plaintiff's consent and despite having actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt. During this call, Plaintiff again advised Defendant's employee or representative that all calls regarding the Debt were to be directed to Undersigned Counsel. Defendant's employee or

representative "Vickie" replied, "I am sorry, but this call is auto-dialed, and therefore I don't have any attorney information in front of me."

44. Plaintiff has retained Undersigned Counsel for the purpose of pursuing this matter against Defendant and is obligated to pay her attorneys a reasonable fee for their services.

45. Florida Statute Section 559.77 provides for the award of up to $1,000.00 statutory damages and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter.

46. United States Code Title 15 Section 1692k provides for the award of up to $1,000 statutory damages and an award of attorneys' fees and costs to Plaintiff should Plaintiff prevail in this matter.

47. United States Code Title 47 Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiff's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

48. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiff's cellular phone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

49. At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

50. Defendant's aforementioned telephone calls weremade to Plaintiff's

cellular telephone using an automatic dialing system or an artificial or pre-recorded voice were made in willful and knowing violation of the TCPA.

51. As a direct result of Defendants' actions, the Plaintiff has suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that the hiring of an attorney for representation with regard to the Debt was wholly ineffective, that Plaintiff's dispute of the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

## COUNT ONE:
## UNFAIR DEBT COLLECTION PRACTICE –
## VIOLATION OF FLORIDA STATUTE § 559.72(18)

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further states as follows:

52. Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(18) by intentionally and repeatedly communicating with Plaintiff after being given actual notice that Plaintiff was represented by counsel with regard to the underlying Debt.

53. Specifically, Plaintiff advised Defendant of Undersigned Counsel's representation of Plaintiff with regard to the Debt multiple times when she answered Defendant's auto-dialed calls. During these calls, Plaintiff gave Defendant Undersigned Counsel's name and contact information.

54. Defendant also received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt on or about: September 24, 2010; March 15, 2011; March 22, 2012; and April 25, 2012.

55. Despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant willfully, repeatedly, and continuously placed auto-dialed calls to Plaintiff's cellular telephone, as outlined above.

56. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT TWO: UNFAIR DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTE § 559.72(7)

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further states as follows:

57. Defendant is subject to, and has violated provisions of, Florida Statute § 559.72(7) by collecting consumer Debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

58. Specifically, Defendant auto-dialed Plaintiff's cellular telephone, in its attempts to collect the Debt, at least 879 times between March 1 2010 and July 12, 2012.

59. Defendant's auto-dialed Debt collection calls to Plaintiff's cellular telephone continued despite Defendant's knowledge of Undersigned Counsel's representation, as well as despite Plaintiff repeatedly directing Defendant to stop calling her cellular phone and to contact Undersigned Counsel with regard to the Debt.

60. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statute § 559.72(7).

61. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further states as follows:

62. Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff despite Defendant having actual knowledge that Plaintiff was represented by Undersigned Counsel and knowledge of Undersigned Counsel's contact information.

63. Specifically, Plaintiff advised Defendant of Undersigned Counsel's representation of Plaintiff with regard to the Debt multiple times when she answered Defendant's auto-dialed calls. During these calls, Plaintiff gave Defendant Undersigned Counsel's name and contact information.

64. Defendant also received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt on or about: September 24, 2010; March 15, 2011; March 22, 2012; and April 25, 2012.

65. Despite having received actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, Defendant willfully, repeatedly, and continuously placed auto-dialed calls to Plaintiff's cellular telephone, as outlined above, in an attempt to collect the Debt.

66. As a direct and proximate result of Defendant's actions, Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FOUR:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C. § 1692d(5)

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further states as follows:

67. Defendant is subject to, and has violated the provisions of, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging Plaintiff in telephone conversation repeatedly with the intent to annoy, harass or abuse any person at the called number.

68. Specifically, Defendant auto-dialed Plaintiff's cellular telephone, in its attempts to collect the Debt, at least 879 times between March 1 2010 and July 12, 2012.

69. Defendant's auto-dialed Debt collection calls to Plaintiff's cellular telephone continued despite Defendant's knowledge of Undersigned Counsel's representation, as well as despite Plaintiff repeatedly directing Defendant to stop calling her cellular phone and to contact Undersigned Counsel with regard to the Debt.

70. As a direct and proximate result of Defendant's actions, Plaintiff has

sustained damages as defined by 15 U.S.C. § 1692k.

**WHEREFORE,** Plaintiff requests this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT FIVE:
## TELEPHONE COMMUNICATIONS PROTECTION ACT- VIOLATION OF 47 U.S.C. 227(b)(1)(A)

Plaintiff re-alleges paragraphs one (1) through fifty-one (51) as if fully restated herein and further states as follows:

71. Defendant is subject to, and has violated the provisions of, 47 U.S.C. 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff's prior express consent.

72. Specifically, between March 1, 2010 and July 12, 2012, without Plaintiff's prior express consent, Defendant made at least 879 auto-dialed calls to Plaintiff's cellular telephone in an attempt to collect the Debt.

73. Insofar as Defendant may argue that Plaintiff gave prior express consent for Defendant to auto-dial her cellular telephone, such consent was orally revoked by Plaintiff, as outline above.

74. Insofar as Defendant may argue that Plaintiff gave prior express consent for Defendant to auto-dial her cellular telephone, such consent was also revoked by Defendant's actual knowledge of Undersigned Counsel's representation of Plaintiff with regard to the Debt, as outline above, pursuant to Florida Statutes § 559.72(18) and United

States Code § 1692c(a)(2).

75. The auto-dialed phone calls made by Defendant complained of herein are the result of a repeated willful and knowing violation of the TCPA.

76. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered:

    a. The periodic loss of her cellular phone service;

    b. Lost material costs associated with the use of peak time cellular phone minutes allotted under her cellular phone service contract.

    c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

    d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e. Statutory damages.

**WHEREFORE**, Plaintiff requests this Court enter a judgment against Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, actual damages, costs, interest, including but limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

### COUNT SIX
### DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs repeat, re-allege and incorporate by reference paragraphs 1-41 above and further state as follows:

77. Unless Defendant is immediately enjoined from continuing to harass Plaintiff in its attempts to collect the Debt, including but not limited to continuously calling Plaintiff from an automated dialing system in an attempt to collect the Debt Plaintiff will suffer irreparable injury.

78. Plaintiffs have no adequate remedy at law.

79. Plaintiffs have a clear legal right to the protections of the FCCPA, and

80. Tina Campanale has a clear legal right to the protections of the TCPA.

81. The requested injunction is reasonably necessary to protect the legal rights of Plaintiffs and will have no adverse effect on the public welfare.

**WHEREFORE,** Plaintiffs respectfully request this court to enter a judgment against Defendant for the following:

    a. Declaratory relief against Defendant for violations of the FCCPA;

    b. Declaratory relief against Defendant for violations of the TCPA;

    c. Injunctive relief against Defendants for violations of the FCCPA and TCPA; and

    d. Such other relief as may be just and proper.

## DEMAND FOR JURY TRIAL

82. Plaintiff hereby demands a trial by jury on all issues triable by right.

Respectfully Submitted,

**LEAVENGOOD & NASH**

☒ Ian R. Leavengood, Esq., FBN 10167
☐ Christopher C. Nash, Esq., FBN 135046
3900 First Street North, Suite 100

St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
ileavengood@leavenlaw.com
cnash@leavenlaw.com
*Attorneys for Plaintiff*

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF FLORIDA            )
                            )
COUNTY OF PINELLAS          )

Plaintiff KRISTEN NICOLE BRUCE, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
KRISTEN NICOLE BRUCE

Subscribed and sworn to before me
this 13 day of July, 2012.              _____
                                         Notary Public

My Commission Expires: 5-17-13          Proof of I.D.: _____

NOTARY PUBLIC-STATE OF FLORIDA
Teiah Kay Hester
Commission #DD890538
Expires: MAY 17, 2013
BONDED THRU ATLANTIC BONDING CO., INC.