UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTEN NICOLE BRUCE,
an individual,

       Case No. 8:12-cv-01561-SCB-MAP

    Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,
a foreign limited liability company,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S
AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, KRISTEN NICOLE BRUCE, (hereinafter, "Plaintiff") by and through the undersigned counsel, and pursuant Rule 12(f), Fed. R. Civ. P., hereby files this Motion to Strike Defendant's Affirmative Defenses and Incorporated Memorandum of Law and further states as follows:

**INTRODUCTION AND BACKGROUND**

1. This case arises from a series of auto-dialed debt collection calls (hereinafter, "Auto-Dialed Calls") made by Ocwen Loan Servicing, LLC (hereinafter, "Defendant" or "Ocwen") to Plaintiff's cellular telephone between approximately March 1, 2010 and July 12, 2012. *Complaint*, Dkt. 1 at ¶¶ 20-22; *Complaint*, Dkt. 1 at Exhibit "A1-A29."

2. The Auto-Dialed Calls, as alleged, violate the Florida Consumer Collection Practices Act (hereinafter, the "FCCPA"), the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), and the Telephone Consumer Protection Act (hereinafter, the "TCPA"). *Complaint*, Dkt. 1 at Counts I-VI.

3. Specifically, between March 1, 2010 and July 12, 2012, without Plaintiff's prior express consent, Defendant made at least 879 Auto-Dialed Calls to Plaintiff's cellular telephone number in an attempt to collect a debt. *Complaint*, Dkt. 1 at ¶ 31.

4. Plaintiff filed the subject Complaint on July 16, 2012. *See Complaint*, Dkt. 1.

5. Defendant filed its Answer and raised Affirmative Defenses related to Plaintiff's claims on September 7, 2012. *See Answer and Affirmative Defenses*, Dkt. 7.

## MEMORANDUM OF LAW

### I.  Legal Standard on a Motion to Strike Affirmative Defenses

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or in partly, by asserting new allegations of excuse, justification, or other negating matters." *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). It is well-established that courts have broad discretion to strike insufficient affirmative defenses. Fed. R. Civ. P. 12(f); *Microsoft Corp. v. Jesse's Computers and Repair, Inc.*, 211 F.R.D. 681 (M.D. Fla. 2002). Rule 12(f) provides, in pertinent part, that "the court may order stricken from any pleading any insufficient defense…" Courts have found that striking affirmative defenses with no basis in law or factual support is "extremely valuable to all concerned in order to avoid the needless expenditures of time and money in litigating issues which can be seen to have no bearing on the outcome." *S.E.C. v. Weil*, Case No. 79-440, 1980 U.S. Dist. LEXIS 12144, *2 (M.D. Fla. 1980) ("weeding out legally insufficient defenses at an early stage of a lawsuit is favored").

Pursuant to Rule 8(a), Ocwen must set forth a short and plain statement of the affirmative defense asserted and sufficient facts to support it. *See* Fed. R. Civ. P. 8(a); *Home Management Solutions, Inc. v. Prescient, Inc.*, Case No. 07-20608, 2007 U.S. Dist. LEXIS 61608, *8-9 (S.D.

Fla. 2007) (striking affirmative defenses for failure to provide sufficient factual support to give fair notice of the nature of the defenses and the grounds on which it rests) (citing *Bell Atlantic Corp. v. Twombly*, 127 US 1955, 1965 (2007)); *Microsoft*, 211 F.R.D. at 684.  Courts have firmly and routinely held that a defendant must do more than merely make conclusory allegations.  If an affirmative defense contains no more than "bare bones conclusory allegations, it must be stricken." *Id.* (citations omitted).

## II. Discussion

Ocwen's affirmative defenses, as outlined below, are legally insufficient and invalid as a matter of law.  Ocwen fails to allege any facts in support of its purported defenses, and instead resorts to stating mere conclusions of law that fail to substantiate the deficiencies in its pleading.  Further, many of Ocwen's affirmative defenses have no basis in law or fact.

As a whole, Ocwen's bare-bones assertions of their defenses fail to comply with the pleading requirements of Rule 8(a).  *See, e.g.*, *Groves v. Dury*, Case No. 2:06-cv-338, 2006 U.S. Dist. LEXIS 62540, *2 (M.D. Fla. 2006) (Steele, J.).  Although Rule 8(a) does not obligate a defendant to set forth detailed factual allegations, a defendant must give "fair notice" of the nature of the defense and the grounds upon which it rests.  *See Bell Atlantic Corp.*, 550 US 553 (interpreting the requirements of Rule 8 on a motion to dismiss); *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, Case No. 1:08-cv-00008, 2008 U.S. Dist. LEXIS 99462, *9 (N.D. Fla. 2008) (dismissing affirmative defenses for failure to plead sufficient facts to put the plaintiff sufficiently on notice of what defendants intend to present).  Ocwen's affirmative defenses are wholly inadequate to provide Plaintiff with proper notice as to what actions, conduct, and facts give rise to such vague, conclusory defenses.

In addition to Ocwen's failure to set forth any cognizable facts on which to base the affirmative defenses detailed below, Ocwen's affirmative defenses should also be stricken because they are invalid as a matter of law. Rule 12(f) provides that the Court should strike any defense that is not legally sufficient. The Court has held that "[a] defense is insufficient as a matter of law if, on the face of the pleadings, it is…clearly invalid as a matter of law." *Anchor Hocking Corp. v. Jacksonville Electric Auth.*, 419 F.Supp. 992, 1000 (M.D. Fla. 1976).

"A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Furthermore, an affirmative defense is insufficient if it "simply alleges a defect in the plaintiff's claim." *Rosada v. John Wieland Homes and Neighborhoods, Inc.*, No. 3:09-cv-656-J-20MCR, 2010 U.S. Dist. LEXIS 39938 (M.D. Fla. Mar. 25, 2010). This Court has held that "when a party incorrectly labels a negative averment as an affirmative defense rather than as a specific denial…the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." *Id.* (quoting *Home Mgmt' Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007). Ocwen's insufficient affirmative defenses are more specifically and individually discussed below.

      **A.**      **Defendant's First Affirmative Defense should be Stricken as a Matter of Law**

In the present matter, Ocwen's First Affirmative Defense asserts that "Plaintiff fails to state a claim for which relief can be granted." *See Answer*, Dkt. 7 at II. § All Claims ¶ 1. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure, LLC v. Gulf Coast Spa Mfrs, Inc.*, Case No. 8:08-cv-1048, 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008) (holding that defense of failure to state a claim "is a denial of [plaintiff's] claim, rather than an affirmative defense"). As Ocwen's First

Affirmative Defense is legally insufficient, the Court should strike it as a matter of law. In the alternative, the Court should re-characterize this affirmative defense as a denial.

      **B.    Defendant's Second Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

As its Second Affirmative Defense, Ocwen asserts that Plaintiff has acted in bad faith in breach of the material contractual obligations arising from the execution of the subject promissory note and mortgage. *See Answer*, Dkt. 7, at II. § All Claims ¶ 2. However, Ocwen has wholly failed to allege any facts in support of its conclusory allegation of bad faith. Further, Ocwen's allegation of bad faith and breach of contract is insufficient as a matter of law as they are inappropriate defenses to Plaintiff's statutory tort claims. Therefore, this affirmative defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

      **C.    Defendant's Third Affirmative Defense should be Stricken as Invalid as a Matter of Law**

As its Third Affirmative Defense, Ocwen asserts that Plaintiff is precluded from asserting her claims due to unclean hands and should be estopped from asserting her claims due to the subject mortgage agreement. *See Answer*, Dkt. 7, at II. § All Claims ¶ 3. Ocwen, however, has wholly failed to allege any facts in support of its conclusory allegation of unclean hands. Further, Ocwen's allegation of unclean hands and estoppel is insufficient as a matter of law as they are inappropriate defenses to Plaintiff's statutory tort claims. Therefore, this defense should be stricken as factually unsubstantiated and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

      **D.    Defendant's Fourth Affirmative Defense should be Stricken as Legally Insufficient**

As its Fourth Affirmative Defense, Ocwen asserts that "Ocwen reserves the right to assert and additional defenses based on information or knowledge obtained throughout the course of litigation." *See Answer*, Dkt. 7 at II. § All Claims ¶ 4. This reservation of rights is not an appropriate affirmative defense. An allegation reserving rights to later defend does not constitute an affirmative defense because it does not respond to the initial complaint. *See Curry*, 2008 U.S. Dist. LEXIS 99462 at *15-16 (citing *Ayers, Case No.* 2:07-cv-123-FtM-29DNF, 2007 U.S. Dist. LEXIS 86596 at *5) (striking a reservation of rights clause asserted as an affirmative defense and stating, "The Court strikes the reservation of rights clause in the instant cause because it is insufficient as a matter of law") (internal citations omitted). Likewise, in the present matter, Ocwen's attempt to reserve its rights as an affirmative defense is insufficient as a matter of law. As such, this affirmative defense should be stricken.

      **E.**     **Defendant's Fifth Affirmative Defense should be Stricken as Legally Insufficient and Invalid as a Matter of Law**

As its Fifth Affirmative Defense, Ocwen asserts that "Plaintiff waived her right to a jury trial in paragraph 25 of the mortgage attached as part of Composite Exhibit A, and Ocwen moves to strike the jury trial demand." *See Answer*, Dkt. 7 at II. § All Claims ¶ 5. Again, an affirmative defense is defined as "a defendant's assertion raising new facts and argument that, if true, will defeat the Plaintiff's…claim even if all allegations in the complaint are true. *Saks*, 316 F.3d at 350. As asserted, Ocwen's Fifth Affirmative Defense is not a properly pled defense. As such, Ocwen's Fifth Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

      **F.**     **Defendant's Sixth Affirmative Defense should be Stricken as Invalid as a Matter of Law**

As its Sixth Affirmative Defense, Ocwen asserts that Plaintiff has failed to state a claim upon which relief can be granted under the FCCPA. Ocwen further asserts that the activity alleged in the complaint is absolutely barred by the litigation privilege. *See Answer*, Dkt. 7 at II. § FCCPA ¶ 1. In Florida, the litigation privilege provides legal immunity "for actions that occur in judicial proceedings." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 383 (Fla. 2007) (citing *Myers v. Hodges*, 53 Fla. 197 (Fla. 1907). Ocwen's unlawful conduct, as alleged in the complaint, wholly occurred outside of judicial proceedings; therefore, the litigation privilege does not apply. Furthermore, Ocwen has wholly failed to allege any facts in support of its conclusory allegation that its actions, or any portion thereof, occurred in a judicial proceeding and are, as a result, protected by the litigation privilege. Ocwen's Sixth Affirmative Defense should therefore be stricken as factually unsubstantiated, and insufficient as a matter of law. *See Anchor Hocking Corp.*, 419 F.Supp 992 at 1000; *Microsoft Corp.*, 211 F.R.D. 681 at 684.

### G. Defendant's Seventh Affirmative Defense should be Stricken as Invalid as a Matter of Law

Ocwen's Seventh Affirmative Defense asserts that "Any damages suffered by Plaintiff were caused by the failure of the Plaintiff to make payments on a loan obligation." *See Answer*, Dkt. 7 at II. § FCCPA ¶ 2. The suffering of damages, however, **is not** a necessary element in a cause of action under the FCCPA. *See North Star Capital Acquisitions, LLC v. Krig*, 611 F.Supp. 2d 1324, 1337 (M.D. Fla. 2009) (stating that the FCCPA provides for *both* statutory and actual damages) (emphasis added); Fla. Stat. § 559.77(2)). Further, the FDCPA and TCPA are, for all intents and purposes, strict liability statutes. *See Fillichio v. MRS Assoc.*, 2010 U.S. Dist. LEXIS 112780 (TCPA is a strict liability statute); *Ross v. RJM Acquisition Funding, LLC*, 480 F.3d. 493 (7th Cir. 2007) (a debt collector is responsible under many provisions of the FDCPA

for deviations without regard to intent, knowledge, or causation). Plaintiff, by first defaulting on the debt, did not invite Defendant's unlawful conduct therefore Plaintiff's default on the debt does not excuse Defendant's actions. As Ocwen's Seventh Affirmative Defense is legally insufficient, the Court should strike it as a matter of law.

### H. Defendant's Eighth Affirmative Defense should be Stricken as Invalid as a Matter of Law

Ocwen's Eighth Affirmative Defense asserts that "The FCCPA claims are barred because any debt for which collection was allegedly attempted is a legitimate debt, due, and owing." *See Answer*, Dkt. 7 at II. § FCCPA ¶ 3. "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson.*, 846 F.2d at 1349; *Home Design Servs.*, 2005 U.S. Dist. LEXIS at *20. Moreover, the legitimacy of the alleged debt is irrelevant in determining whether conduct violates the FCCPA. *See* Fla. Stat. § 559.55(1) (defining debt under the FCCPA as "any obligation or *alleged* obligation of a consumer to pay money arising out of a transaction…" (emphasis added). As Ocwen's Eighth Affirmative Defense is legally insufficient, the Court should strike it as a matter of law.

### I. Defendant's Ninth Affirmative Defense should be Stricken as Invalid as a Matter of Law

Ocwen's Ninth Affirmative Defense asserts that "Plaintiff cannot establish a violation of the FCCPA because the conduct allegedly giving rise to a violation, if indeed it occurred, was not intentional." *See Answer*, Dkt. 7 at II. § FCCPA ¶ 4. "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson.*, 846 F.2d at 1349; *Home Design Servs.*, 2005 U.S. Dist. LEXIS at *20. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure*, 2008 U.S. Dist. LEXIS 64098. As such, Ocwen's Ninth Affirmative Defense is legally

insufficient, and the Court should strike it as a matter of law. In the alternative, the Court should re-characterize this affirmative defense as a denial.

### J. Defendant's Eleventh Affirmative Defense should be Stricken as Invalid as a Matter of Law

As its Eleventh Affirmative Defense, Ocwen asserts that "Plaintiff has not and cannot state a violation of [the TCPA] upon which relief can be granted in that no wrongdoing by Ocwen is properly alleged." *See Answer*, Dkt. 7 at II. § TCPA ¶ 1. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure*, 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008) (holding that defense of failure to state a claim "is a denial of [plaintiff's] claim, rather than an affirmative defense"). As such, Ocwen's Eleventh Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law. In the alternative, the Court should re-characterize this affirmative defense as a denial.

### K. Defendant's Twelfth Affirmative Defense should be Stricken as Invalid as a Matter of Law

As its Twelfth Affirmative Defense, Ocwen asserts that "Plaintiff cannot maintain a claim under [the TCPA] because she provided her voluntary consent to any calls made to a cellular telephone." *See Answer*, Dkt. 7 at II. § TCPA ¶ 2. This is an insufficient affirmative defense as Ocwen has not set forth a short and plain statement of the affirmative defense asserted and sufficient facts to support it. *See* Fed. R. Civ. P. 8(a); *Home Management Solutions,* U.S. Dist. LEXIS 61608, (striking affirmative defenses for failure to provide sufficient factual support to give fair notice of the nature of the defenses and the grounds on which it rests). As such, Ocwen's Twelfth Affirmative Defense should be stricken as legally insufficient and invalid as a matter of law.

### L. Defendant's Thirteenth Affirmative Defense should be Stricken as Invalid as a Matter of Law

Ocwen's Thirteenth Affirmative Defense asserts that "Plaintiff cannot establish a violation of [the TCPA] because she has not suffered any injury." *See Answer*, Dkt. 7 at II. § TCPA ¶ 3. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure,* 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson.*, 846 F.2d at 1349; *Home Design Servs.*, 2005 U.S. Dist. LEXIS at *20. Moreover, the suffering of actual injury **is not** a necessary element in a cause of action under the TCPA. *See* 47 U.S.C. § 227(b)(1)(C); *Zelma v. Willaims,* 2011 U.S. Dist. LEXIS 123933 (M.D. Fla. Oct. 26, 2011) (noting that the TCPA provides for actual damages or $500 in statutory damages for each violation, whichever is greater). As Ocwen's Thirteenth Affirmative Defense is legally insufficient, the Court should strike it as a matter of law.

### M. Defendant's Fourteenth Affirmative Defense should be Stricken as Invalid as a Matter of Law

Ocwen's Fourteenth Affirmative Defense asserts that "Plaintiff cannot maintain a claim under [the TCPA] because she cannot establish that an automatic telephone dialing system or artificial or prerecorded voice was used to deliver any message to Plaintiff's cellular phone." *See Answer*, Dkt. 7 at II. § TCPA ¶ 4. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure,* 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson.*, 846 F.2d at 1349; *Home Design Servs.*, 2005 U.S. Dist. LEXIS at *20. As Ocwen's Fourteenth Affirmative Defense is legally insufficient, the Court should strike it as a matter of law. In the alternative, the Court should re-characterize this affirmative defense as a denial.

### N. Defendant's Fifteenth Affirmative Defense should be Stricken as Invalid as a Matter of Law

Ocwen's Fifteenth Affirmative Defense asserts that "Plaintiff cannot establish a violation of [the TCPA] because the conduct allegedly giving rise to a violation, if it occurred, was without knowledge or willfulness." *See Answer*, Dkt. 7 at II. § TCPA ¶ 5. This is an invalid affirmative defense as it denies Plaintiff's allegations rather than raises new facts and arguments. *See Premium Leisure,* 2008 U.S. Dist. LEXIS 64098, *9 (M.D. Fla. 2008). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *In re Rawson.*, 846 F.2d at 1349; *Home Design Servs.*, 2005 U.S. Dist. LEXIS at *20. Moreover, the Eleventh Circuit has noted that the TCPA "is essentially a strict liability statute, in that it does not require any intent for liability except when awarding treble damages." *Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008) (internal citations omitted). Plaintiff does indeed seek treble damages; however, this defense merely denies Plaintiff's allegation of Ocwen's knowledge and willfulness without asserting any facts to support its conclusory claim. Finally, even if taken as true, the purported affirmative defense does not justify Ocwen's action or absolve it from liability. Rather, this would be relevant, if true and supported by evidence, at the damages stage of the litigation. As Ocwen's Fifteenth Affirmative Defense is legally insufficient, the Court should strike it as a matter of law. In the alternative, the Court should re-characterize this affirmative defense as a denial.

### **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully moves for entry of an Order Striking Defendant's Affirmative Defenses. In the alternative, Plaintiff respectfully moves for an entry of an Order Re-Characterizing Defendant's Affirmative Defenses as Denials, as more specifically outlined above.

## 3.01(g) CERTIFICATION

Pursuant to Middle District of Florida Local Rule 3.01(g), the undersigned certifies that he has contacted Defendant's counsel in good faith regarding the substance of this motion, and have not yet received a response from Defendant's counsel.  Upon receipt of Defendant's response, Plaintiff will supplement this 3.01(g) certification to indicate whether Defendant opposes the relief sought.

                Respectfully Submitted,

                **LEAVENGOOD & NASH**

                  /s/ Ian R. Leavengood
                **Ian R. Leavengood, Esq., FBN 0010167**
                **LEAD TRIAL COUNSEL**
                **Christopher C. Nash, Esq., FBN 135046**
                **Aaron M. Swift, Esq. FBN 93088**
                3900 First Street North, Suite 100
                St. Petersburg, FL 33703
                Phone:  (727) 327-3328
                Fax: (727) 327-3305
                ileavengood@leavenlaw.com
                cnash@leavenlaw.com
                aswift@leavenlaw.com
                *Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing *Motion to Strike Affirmative Defenses and Incorporated Memorandum of Law* has been filed electronically this 28th day of September 2012 with the Clerk of Court via CM/ECF which will send notice of electronic filing to all counsel of record including:

Ms. Jacqueline Simms-Petredis
Ms. Julie Sneed
Akerman Senterfitt
401 E. Jackson St., Suite 1700
Tampa, FL 33602
jacqueline.simms-petredis@akerman.com
julie.sneed@akerman.com
amanda.esqueda@akerman.com
*Attorneys for Defendant*

           /s/ Ian R. Leavengood
Attorney