UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTEN NICOLE BRUCE,

       Plaintiff,

v.                                    Case No.  8:12-cv-1561-T-24 MAP

OCWEN LOAN SERVICING, LLC,

       Defendant.

_____/

**ORDER**

    This cause comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses. (Doc. No. 9).  Defendant opposes the motion.  (Doc. No. 10).  As explained below, the motion is granted in part and denied in part.

**I.  Background**

    Plaintiff filed suit against Defendant under the Fair Debt Collections Practices Act ("FDCPA"), Florida's Consumer Collections Practices Act ("FCCPA"), and the Telephone Communication Protection Act ("TCPA").  (Doc. No. 1).  Plaintiff alleges that on February 1, 2010, she defaulted on a promissory note that was secured by a mortgage, and thereafter, Defendant began attempting to collect on the debt.  Plaintiff contends that Defendant's collection efforts included repeatedly calling her cellular phone, without her consent, using an auto-dialing system.  Plaintiff contends that Defendant made at least 879 auto-dialed calls to her cellular phone between March 1, 2010 and July 12, 2012.

    In response to Plaintiff's complaint, Defendant filed an Answer.  (Doc. No. 7). Defendant's Answer contained a response to each allegation of the complaint, and it also

contained a section titled, "Defenses and Affirmative Defenses," which listed 15 defenses and affirmative defenses.

## II.  Motion to Strike

In the instant motion, Plaintiff moves to strike 14 of the 15 defenses.  Accordingly, the Court will analyze each defense.

### A.  Standard of Review

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

Likewise, an affirmative defense will be stricken if the defense is insufficient as a matter of law.  Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002).  An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." Id.  "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant."  Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995)(citation omitted).

### B.  Denials

In Defendant's first and eleventh defenses, Defendant alleges that Plaintiff fails to state a

claim.  In its ninth and fifteenth defenses, Defendant alleges that it did not act intentionally.  In

its thirteenth defense, Defendant alleges that Plaintiff did not suffer an injury.  In its fourteenth

defense, Defendant alleges that Plaintiff cannot establish that an automatic telephone dialing

system or artificial or prerecorded voice was used to call her.  Plaintiff moves to strike these six

defenses, arguing that they are denials as opposed to true affirmative defenses.

While these defenses appear to be denials of Plaintiff's claims, rather than true

affirmative defenses, the Court finds that there is no prejudice to Plaintiff by allowing them to

remain.  Accordingly, the Court denies Plaintiff's motion to strike these defenses.

### C.  Irrelevant and Immaterial Defenses

In Defendant's second defense, Defendant alleges that Plaintiff acted in bad faith by

defaulting on the underlying debt that was being collected.  In its third defense, Defendant

alleges that Plaintiff is precluded from asserting her claims due to her unclean hands caused by

her default on the underlying debt.  Additionally, Defendant alleges in its third defense that

Plaintiff is breaching the mortgage agreement by pursuing these claims and not paying off the

underlying debt.  In its eighth defense, Defendant alleges that the underlying debt that it was

trying to collect is a legitimate debt that is due and owed by Plaintiff.

Plaintiff moves to strike these three defenses, arguing that they are irrelevant and

immaterial to the issues of whether Defendant violated the FDCPA, the FCCPA, and the TCPA.

The Court agrees with Plaintiff and strikes these three defenses.

### D.  Statements that are Not Defenses

In Defendant's fourth defense, Defendant states that it reserves the right to assert

additional defenses that it discovers through the course of the litigation.  Plaintiff moves to strike

this defense, because it is not a defense at all.  The Court agrees with Plaintiff and strikes this purported defense.

In Defendant's fifth defense, Defendant states that Plaintiff has waived her right to a jury trial in the mortgage agreement, and therefore, her jury demand should be stricken.  Plaintiff moves to strike this defense, because it is not a defense at all.  The Court agrees with Plaintiff and strikes this purported defense.  If Defendant wants to pursue the issue of whether Plaintiff waived her right to a jury trial, the proper vehicle to do so is a motion to strike Plaintiff's jury demand.

### E.  Insufficient as a Matter of Law

In Defendant's sixth defense, Defendant alleges that Plaintiff's FCCPA claim fails because it is barred by the litigation privilege.  While not stated in its defense, it appears that Defendant is asserting that because some of the calls were made during the pendency of the foreclosure proceeding on the underlying debt, which was filed on May 18, 2010, Plaintiff's FCCPA claim related to such calls is barred by the litigation privilege.

Plaintiff moves to strike this defense as insufficient as a matter of law, because the litigation privilege only applies to communications made during the course of, and related to, a judicial proceeding.  See Echervarria, McCalla, Raymer, Barrett & Frappier v. Cole, 950 So. 2d 380, 384 (Fla. 2007)(citation omitted).  Thus, because the calls were not required or necessary in order to pursue the foreclosure, Plaintiff argues that the litigation privilege does not apply.  The Court agrees.  See id. at 387 (J. Wells, concurring in part and dissenting in part); Monroe v. Citimortgage, Inc., 2007 WL 2071284, at *3 (M.D. Fla. July 19, 2007).  Accordingly, the Court strikes this defense as insufficient as a matter of law.

4

In Defendant's seventh defense, Defendant alleges that Plaintiff did not suffer any damages for its alleged FCCPA violation.  Plaintiff moves to strike this defense as insufficient as a matter of law, because actual damages are not required in order to receive statutory damages under Florida Statute § 559.77(2).  However, the FCCPA also allows an award of actual damages, and this defense appears to be a denial of any assertion that Plaintiff suffered actual damages for its alleged FCCPA violation.  Accordingly, the Court will treat this defense as a denial and denies Plaintiff's motion to strike this defense.

In Defendant's twelfth defense, Defendant alleges that Plaintiff consented to calls being made to her cellular phone.  Plaintiff moves to strike this defense as insufficient as a matter of law, because Defendant has not set forth sufficient facts to support this defense.  The Court disagrees with Plaintiff and concludes that Plaintiff will not suffer any prejudice by allowing this defense to stand.  Accordingly, the Court denies Plaintiff's motion to strike this defense.

**III.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 9) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court strikes Defendant's second, third, fourth, fifth, sixth, and eighth defenses; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 15th day of October, 2012.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5